# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

AUGIE DURANTE and
PABLITA DURANTE,

        Plaintiffs,

vs.                                                 CIVIL NO. 99-1179 RLP/DJS

AMERICAN STATES INSURANCE
COMPANY and NORTHWESTERN
NATIONAL CASUALTY COMPANY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the court on the Defendant American States Insurance Company's Motion to Dismiss **(Docket No. 23)**, the court having read the motion, the memoranda in support of and in opposition to the motion, and being otherwise fully advised, finds that the motion is not well taken and shall be **denied.**

## BACKGROUND

This diversity action arising under 28 U.S.C. § 1332(b) alleges breach of contract and requests a declaratory judgment on an insurance policy. The complaint alleges that Plaintiffs Augie Durante and Pablita Durante (hereinafter the "Durantes"), purchased insurance from Defendant American States Insurance Company (hereinafter "American").[1] The Durantes operate Augies Truck Service in Gallup, New Mexico, and purchased

---

[1] The Durantes' original complaint also alleged causes of action against Northwestern National Casualty Company based upon a commercial property and general liability policy purchased from Northwestern in 1991. Northwestern was dismissed from this action on January 13, 2000.

insurance from American for this commercial operation.[2] The Durantes' building, insured by American, sustained structural damage. It is unclear from the pleadings when the structural damage actually occurred. However, it is alleged that the Durantes became aware of this damage in 1995. The Durantes allege the damages were the result of "heavy blasting by unknown parties." Complaint at ¶ 7. American denied coverage for this claimed loss. After its investigation, American determined the damage to the Durantes' building was caused by natural settling conditions in the soil.

The policy of insurance purchased by the Durantes from American contains a time-to-sue provision. This provision provides that any legal action against American must be brought within two years after the damage to the property occurs. American denied coverage by letter dated December 4, 1995. The Durantes filed suit on July 29, 1999. American asserts the contractual time-to-sue provision as an affirmative defense and a bar to recovery.

## DISCUSSION

When evaluating a motion made pursuant to Fed.R.Civ.P. 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint. *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997). These factual allegations are viewed in the light most favorable to the non-moving party. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

---

[2] The policy periods for this insurance were from June 18, 1994 through January 18, 1995 and January 18, 1995 through January 18, 1996.

The facts necessary to consider the question of law presented are not in dispute. American's policy of insurance provides that any action brought against it must be brought "within two years after the date on which the direct physical loss or damage occurred." Viewing the factual allegations in the light most favorable to the Durantes, the direct physical loss or damage occurred in 1995. The Durantes filed their action over four and half years after the direct physical loss or damage occurred. Therefore, the question is whether under these facts the Durantes' claims against American are barred because their suit was brought outside the two year time-to-sue provision.

In a diversity action, a federal court applies the state's substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). When the state's highest court has not ruled on the issue, the federal court must predict how the state would rule by looking at lower state court decisions, general trends in the law in the state and in other states, and other available legal sources. *Frontier Refining Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 700 (10th Cir. 1998); *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1223 (10th Cir.), *cert. denied*, 522 U.S. 812 (1997); *Menne v. Celotex Corp.*, 861 F.2d 1453, 1464 n.15 (10th Cir. 1988). This is not a case of first impression in New Mexico, but two contradictory New Mexico Supreme Court decisions indicate that the law is in flux.

The New Mexico Supreme Court first addressed the validity of a time-to-sue provision in the case of *Sanchez v. Kemper Insurance Co.,* 632 P.2d 343 (N.M. 1981). The case arose out of a property damage claim. The court considered the question of whether an insurer is entitled to summary judgment where the insured did not bring suit upon his claim within the period of time required by the insuring agreement. The insurer

3

argued that a one year time to sue provision was reasonable. There were four public policy rationales advanced for the validity of a time-to-sue provision. First, the public interest in prompt assertion of legal claims. Second, the less likely fraudulent claims will be made between the occurrence and the initiation of a legal claim. Third, the insurer would be allowed to avoid uncertainty as to the amount of its liability. Fourth, stale claims would be cut off. The court accepted these policy considerations and held that the affirmative defense of a violation of a one year time-to-sue provision may be asserted without a tandem showing of prejudice. *Id*. at 345.

The court distinguished between the affirmative defense of an insured's breach of a cooperation clause and a breach of a time-to-sue provision. The court determined that breach of a cooperation clause would require a tandem showing of substantial prejudice, but that the breach of a time-to-sue provision would not, because the purpose of a time-to-sue provision is not necessarily fear of prejudice to the insured. Therefore, the court concluded, the insurer should not have to show prejudice to prevail on the insured's breach of a time-to-sue provision.

Given the *Sanchez* decision, this court's analysis would go no further were it not for the case of *Roberts Oil Co., Inc. v. Transamerica Insurance Co.,* 833 P.2d 222 (N.M. 1992), which seriously questioned the analysis and conclusions of the *Sanchez* decision. Twelve years after *Sanchez, Roberts Oil* held that an insurer's affirmative defense of an insured's breach of a voluntary payment clause[3] must be accompanied by a showing of

---

[3] The insured brought an action against its insurer pursuant to the insuring agreement to recover ground water clean-up costs for a gasoline leak that occurred on its property. The insured paid for certain clean-up costs prior to placing its insurance

4

actual, substantial prejudice. *Id.* at 231 Justice Montgomery's analysis of the issue began with a general statement of the rule:

> In *Foundation Reserve Insurance Co. v. Esquibel* [citation omitted], we held that an insurer "must demonstrate substantial prejudice as a result of a material breach of the insurance policy by the insured before it will be relieved of its obligations under a policy."

*Id.* at 745 (quoting *Foundation Reserve Insurance Co. v. Esquibel*, 607 P.2d 1150, 1152 (N.M. 1980)).

Justice Montgomery acknowledged that the *Foundation Reserve* court was interpreting a cooperation provision[4] and that the policy provision at issue before the *Roberts Oil* court was a voluntary payment clause. In discussing the distinction, Justice Montgomery found the distinction to be "without a difference." *Id.* at 751. The court then cited the Supreme Court of Alaska with approval in a broad ranging quote:

> We hold that time limit on commencement of suit clauses, proof of loss clauses, and cooperation clauses should all be viewed on the basis of whether their application in a particular case advances the purpose for which they were included in the policy. Only by so reviewing these clauses can courts satisfy the consumer's reasonable expectation that coverage will not be defeated on arbitrary procedural grounds.

*Id.* (citing *Estes v. Alaska Ins. Guar. Ass'n*, 774 P.2d 1315, 1318 (Alaska 1989)).

In light of the court's approval of the reasoning of the Alaska Supreme Court, Justice Montgomery stated, "the distinction in *Sanchez* between a time-to-sue limitation

---

company on notice of the claim against it.

[4] The particular insurance provision were clauses providing that the policy would be voided if the insured failed to notify the insurer of an accident, failed to cooperate in defending or settling a claim, or concealed material facts concerning a claim.

provision and a notice clause is now open to serious question." *Id.* at 751-52. He concluded, however, that "[t]he present case does not involve a time-to-sue clause, so there is no occasion to overrule *Sanchez*; but, as indicated, <u>we think its result and some of its rationale are questionable</u>." *Id.* at 752 (emphasis added). Given this language, the question for this court is whether, if faced with the issue today, the New Mexico State Supreme Court would apply the reasoning of *Roberts Oil*?

The modern trend among the states is to require an insurer to show prejudice before it can avoid payment to an insured who violates a time to sue or notice provision in the policy. *See* 13 *Couch on Insurance* § 193:49 (1999) (collecting cases). As noted by one court, "a review of these cases indicates that three rationales are particularly pervasive: 1) the adhesive nature of insurance contracts; 2) the public policy objective of compensating tort victims; and 3) the inequity of the insurer receiving a windfall due to a technicality." *Alcazar v. Hayes*, 982 S.W.2d 845, 850 (Tenn. 1998) In *Cooperative Fire Ins. Ass'n v. White Caps, Inc.*, 694 A.2d 34 (Vt. 1997) the court stated:

> Today it is widely recognized that an insurance contract is generally not a freely negotiated agreement; its terms and conditions are generally dictated by the insurer, and provisions such as the notice clause at issue here are standard terms on which the insured has no effective input. Hence, we routinely construe insurance policies in favor of the insured, and in accord with the reasonable expectations of the purchaser.

*Id.* at 37.

This type of analysis was set forth in *Roberts Oil* and in other New Mexico cases. *See, e.g., Jimenez v. Foundation Reserve Ins. Co.*, 757 P.2d 792 (N.M. 1988) (public policy favors compensating innocent victims injured through no fault of their own);

Sandoval *v. Valdez*, 580 P.2d 131, 133 (Ct. App. N.M. 1978) (time to sue clause in policy not controlling if shorter than applicable statutory period). As noted in the recent case of *Eldin v. Farmers Alliance Mutual Ins.* Co., 890 P.2d 823 (Ct. App. N.M. 1994), *Roberts Oil* stands for the proposition that in many instances an insurer must show substantial prejudice before a policy of insurance will be voided for the insured's breach, even in the absence of injury to an innocent third party. *Id.* at 825.

Given the strong negative language used by Justice Montgomery in analyzing in general, any material breach to an insurance policy, this court concludes that *Sanchez* has been overruled by implication. This court follows the holding in *Roberts Oil Co., Inc.* in deciding whether an insured's breach of a time-to-sue provision should be coupled with a showing of substantial prejudice to the insurer:

> when there has been a substantial and material breach of the insured's obligation and resulting failure of a condition precedent to the insurer's liability, that breach and nonoccurrence of condition does not discharge the insurer absent a showing that the insurer has been substantially prejudiced.

*Id.* at 754.

The court further follows the holding of *Roberts Oil* in regard to the burden of persuasion on the issue of whether the insurer has been substantially prejudiced. Generally, the burden of proof rests with the insurance company to establish substantial prejudice. *Id.* at 756. However, there were a number of arguments advanced by the Durantes' counsel to support the conclusion that American was not prejudiced by the breach of the two year time-to-sue provision. Evidence that American fully investigated

7

the claim and timely denied coverage supports the conclusion that it was not prejudiced by the failure of the Durantes to file suit within the two year period. On the other hand, American's counsel argued that American had been prejudiced at the very least because the statute of limitations had run on its potential claim for subrogation against the alleged tortfeasor. Therefore, there remains a question of fact on the issue of whether American has been prejudiced by the Durantes' breach of the two year time provision. *See Eldin,* 890 P.2d at 828 (in most cases the issue of substantial prejudice as a result of a breach of an insurance provision is a question for the jury).

**IT IS THEREFORE ORDERED** that the Defendant American States Insurance Company's Motion to Dismiss **(Docket No. 23)** is denied.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation