IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AUGIE DURANTE and
PABLITA A. DURANTE,

      Plaintiffs,

vs.                                        CIVIL NO. 99-1179 RLP/DJS

AMERICAN STATES INSURANCE COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on the Defendant, American States Insurance Company's Motion to Require Joinder of Party Plaintiff **(Docket No. 69)**, the court having read the motion and the memoranda in support of and in opposition to the motion and otherwise being fully advised of the facts and the law, finds that the motion is not well taken and will be **denied.**

## FACTUAL BACKGROUND

Plaintiffs, Augie Durante and Pablita Durante, filed this action in state district court in McKinley County on July 29, 1999 (Docket No. 1). This action was removed to this court pursuant to 28 U.S.C. § 1441(b) based upon the diversity of the parties to this action. The Plaintiffs' Complaint for Breach of Contract and Declaratory Judgment named two Defendants, American States Insurance Company (American States) and Northwestern National Casualty Company (Northwestern National). Both insurance companies entered into insurance contracts with the Durantes. The Northwestern National policy named "Augie Durante DBA: Augie's Truck Service" as its named insured. See Complaint, Exhibit

"1". Northwestern National was dismissed with prejudice on January 13, 2000 (Docket No. 21). The American States policy in dispute was generically issued to "Augie's Truck Service" as the named insured. Motion to Dismiss, Exhibit "A" (Docket No. 23). Although it is assumed Mr. Durante and/or Mrs. Durante own the business known as Augie's Truck Service, the two policies referenced in the complaint were issued to two different named insured's.

Plaintiffs' response brief does not object to the joinder of Augie's Truck Service as an <u>additional</u> plaintiff. However, Plaintiffs do object to substituting "Augie's Truck Service" for the Durantes as a plaintiff. Plaintiffs argue that the policy is ambiguous because it does not indicate that the corporation is the named insured, rather, it identifies the generic, trade name of Augie's Truck Service. Plaintiffs state the corporate name for the business is "Augie's Truck Service, Inc." (Docket No. 71). Hence, the question before the court is whether or not this action can proceed in the names of Mr. and Mrs. Durante when the subject insurance policy names "Augie's Truck Service" and the not the Durantes as the named insured.

## DISCUSSION

Fed.R.Civ.P 17(a) states the general rule that every action will be prosecuted "in the name of the real party in interest." Federal courts look to state law to decide whether the named plaintiffs are the proper parties. *K-B Trucking Co. v. Riss Int'l Corp.,* 763 F.2d 1148, 1153 (10th Cir. 1985). Pursuant to New Mexico law, the real party in interest is the owner of the right being enforced. *Marchman v. NCNB Tex. Nat'l Bank,* 120 N.M. 74, 81,

898 P.2d 709, 716 (1995).  The parties do not dispute these basic legal concepts.  The dispute arises over who or what entity owns the right being enforced.  The policies that are addressed in the complaint set forth arguably different entities as named insured's.  Neither policy names both of the Durante's or Mrs. Durante at all.  Neither policy names a corporation, even though the business operates as a corporation.  Given the state of the record, these are substantial ambiguities in the contract.  How can the court substitute a corporation for the plaintiffs when a corporation is not named as the insured?  Such an action would necessarily require the court to reform the contact provision.  How can the court reform the contract in light of the fact that the generic, trade name of "Augie's Truck Service" had been used in the Northwestern National contract in conjunction with "Augie Durante D/B/A: Augie's Truck Service"?  In summary, is "Augie's Truck Service" as set forth on the contract aligned with Augie Durante or Augie's Truck Service, Inc.?  These are ambiguities in the contract that will be subject to clarification through extrinsic evidence at the time of trial.  See generally *Perea v. Snyder,* 877 P.2d 580, 585 (N.M. 1994).

Given these ambiguities, Plaintiff's motion requesting that Augie's Truck Service, Inc. be substituted in place of the named plaintiffs is denied.  However, the court will add as a party plaintiff "Augie's Truck Service, Inc." in conjunction with Augie Durante and Pablita Durante.[1]

---

[1] The court notes that Pablita Durante is not named as a named insured, nor does it appear reasonable that the ambiguity set forth in the contract could be resolved in her favor.  The court raises the question of whether Pablita Durante is a proper party.  Since this issue was not briefed, the court will not dismiss her as a Plaintiff.  However, the parties are directed to discuss this issue and agree to dismiss Pablita Durante if appropriate.

**IT IS THEREFORE ORDERED** that the Motion to Require Joinder of Party Plaintiff is denied and the entity known as Augie's Truck Service, Inc. is joined as an additional plaintiff as set forth hereinabove.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation

Peter V. Domenici, Jr. Esquire - Attorney for Plaintiffs
Priscilla L.M. Garcia, Esquire - Attorney for Plaintiffs
William D. Winter, Esquire - Attorney for American States Insurance Company